# United States District Court

| | |
|---|---|
| Name LEON ROBINSON | District SUFFOLK/MASSACHUSETTS |
| Prisoner No. A-22594 | Case No. SUCR2001-01384 |

Place of Confinement
SOUZA BARANOWSKI CORRECTIONAL CENTER
P.O. BOX 8000
SHIRLEY, MASSACHUSETTS 01464

Name of Petitioner (include name under which convicted)
LEON ROBINSON

Name of Respondent (authorized person having custody of petitioner)
V. COMMONWEALTH OF MASSACHUSETTS

The Attorney General of the State of: MASSACHUSETTS

## PETITION

1. Name and location of court which entered the judgment of conviction under attack __SUFFOLK SUPERIOR COURT OF BOSTON MASSACHUSETTS; SUPREME JUDICIAL COURT/S.J.C.__

2. Date of judgment of conviction __PRETRIAL DETAINEE PURSUANT TO G.L. CH. § 52A, (2001)__

3. Length of sentence __BEEN DETAINED FROM FEBRUARY 2001 TO TODATE OCT. 2004__

4. Nature of offense involved (all counts) __FIRST DEGREE MURDER, AND POSSESSION OF A FIREARM NOT ON PERSON, NOT AT HOME; COUNT 1 and 2 ["NOTE"] NO FIREARM WAS EVER RECOVERED AS OF TODATE.__

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

   MAGISTRATE JUDGE

   RECEIPT # _____
   AMOUNT $ _____
   SUMMONS ISSUED _____
   LOCAL RULE 4.1 _____
   WAIVER FORM _____
   MCF ISSUED _____
   BY DPTY. CLK _____
   DATE _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒ AWAITING TRIAL BY JURY
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☒  No ☐   AWAITING TRIAL, AND WILL BE TESTIFYING

8. Did you appeal from the judgment of conviction?
   Yes ☒  No ☐   APPEALED BAIL HEARING TO S.J.C., OTHER MATTERS WAS ALLOWED TO BE ENTERED AT HEARING CONCERNING THIS SAME MATTER; DELAY OF TRIAL

(2)

9. If you did appeal, answer the following:

   (a) Name of court __S.J.C.; SUPREME JUDICIAL COURT;__

   (b) Result __DENIED BAIL AT HEARING, AND ORDER'ED CASE TO TRIAL MASS.R.CRIM.P.36__

   (c) Date of result and citation, if known __HEARING ENTERED 1/29/03, SJ-02-0571, SJ-02-0484__

   (d) Grounds raised __DEFENDANT'S DUE PROCESS RIGHTS WERE VIOLATED AND FEDERAL RIGHTS TO A SPEEDY TRIAL, MOTION TO DISMISS, BAIL, COMMONWEALTH DELAYS;__

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court __SUFFOLK SUPERIOR COURT, & S.J.C,; SUPREME JUDICIAL COURT;__

   (2) Result __DENIED BAIL, AND ORDER'ED COMMONWEALTH TO BRING CASE TO TRIAL IN TIME ALLOWED BY THE COURT; TODATE, COMMONWEALTH FAIL TO DO SO;__

   (3) Date of result and citation, if known __11/26/02   SJ-02-0571, SJ-02-0486__

   (4) Grounds raised __DEFENDANT'S DUE PROCESS, AND SIXTH AMENDMENT, & EIGHTH AMENDMENT, & ARTICLE XII OF THE MASSACHUSETTS DECLARATION OF RIGHTS VIOLATIONS;__

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court _____

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☒      No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court __SUFFOLK SUPERIOR COURT, AND SUPREME JUDICIAL COURT, SJ.C.;__

    (2) Nature of proceeding __HEARING ON BAIL, & MASS.R.CRIM.P.36(b)(1)(2)(c)(2)(f)(2), VIOLATION OF SPEEDY TRIAL ACT, AND DEFENDANT'S DUE PROCESS RIGHTS;__

    (3) Grounds raised __SIXTH AMENDMENT, EIGHTH AMENDMENT VIOLATIONS OF THE CONSTITUTION OF UNITED STATES; (AS OF TODATE, NO TRIAL AS REQUESTED BY DEFENDANT)__

(3)

ON SEPTEMBER 23, 2002, THE DEFENDANT FILED A MOTION FOR A SPEEDY TRIAL/SEE PAPER NO#35 ON DOCKET STATING THAT THE DEFENDANT WISHES TO MOVE FORWARD FOR TRIAL; THE COMMONWEALTH FAIL, VIOLATION OF RULE 36

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☒    No ☐

(5) Result ON HEARING, THE COMMONWEALTH ADMITTED TO THE "DELAYS" CASE ORDER TO TRIAL;

(6) Date of result 1/29/03, AS OF TODATE, 3¼ YEARS, COMMONWEALTH STILL FAIL TO OBAY COURT ORDE

(b) As to any second petition, application or motion give the same information:

(1) Name of court SFFOLK SUPERIOR COURT

(2) Nature of proceeding MOTION TO DISMISS/DO-TO VIOLATIONS BY THE COMMONWEALTH; DELAYS OF TRIAL, WITHHELD EXCULPATORY EVIDENCE, DUE PROCESS VIOLATIONS;

(3) Grounds raised SIXTH, EIGHTH, 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE XII OF THE MASSACHUSETTS DECLARATION OF RIGHTS, AND FEDERAL STATE ACT ON SPEEDY TRIAL; S.J.C. JUDGES CLEALY STATED THEY WILL DENIED BAIL IF THE MATTER WILL BE IN FOR TRIAL THIS YEAR OF 2002, AGAGIN, CLEARLY A VIOLATION OF "FOUR COURT ORDERS"

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☒    No ☐

(5) Result THE COMMONWEALTH WAS ORDER BY COURT ON DELAYS, DISCOVERY EXT:

(6) Date of result 2/22/01, 6/14/01, 9/04/01, 9/24/01, 7/02/02, 12/17/02, 3/15/03, 5/10/04

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☒    No ☐
(2) Second petition, etc.  Yes ☐    No ☒ ATTORNEY DENIED DEFENDANT'S REQUEST TO FILE

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

ON ALL ISSUS DEFENDANT RESPECTFULLY REQUESTED THAT BOTH COUNSELS APPEAL THE DENIED ACTIONS ON: MOTION TO DISMISS, MOTION TO SUPPRESS, DENIAL OF SPEEDY TRIAL PURSUANT TO MASS.R.CRIM.P.36, AND OTHERS, COUNSELS FAIL TO APPEAL AND SAVE RIGHTS ON APPEAL RIGHTS

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
    Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A. Ground one: IT WAS A DENIAL OF DUE PROCESS OF LAW BY NOT DISMISSING FIRST DEGREE MURDER CHARGE, ON SPEEDY TRIAL VIOLATION AS IT IS DEFINE IN MASS.R.CRIM.P.36

Supporting FACTS (state *briefly* without citing cases or law) THE JUDGE WAS REQUIRED BY MASSACHUSETTS LAW IN THIS 1ST DEGREE MURDER CASE TO INSTRUCT THE ADA/COMMONWEALTH TO BRING THIS CASE TO TRIAL BY THE TIME ALLOWED BY THIS COURT. IT WILL BE NOW FOUR YEARS TODATE THAT THE COMMONWEALTH HAD DELAYED THE MATTER ON: DISCOVERY, EXCULPATORY EVIDENCE, AND CONTINUANCE THE HEARING FOR MONTHS TO DELAY TRIAL. IT IS THE DEFENDANT'S RIGHTS TO HAVE A SPEEDY TRIAT AS HE HAD REQUESTED MORE THEN ONCE FOR TRIAL.

B. Ground two: DUE PROCESS VIOLATIONS WHEN THE DEFENDANT WAS DENIED HIS RULE 36, AND HELD WITHOUT BAIL, THE DEFENDANT FILED SPEEDY TRIAL

Supporting FACTS (state *briefly* without citing cases or law) THE DEFENDANT FILED A MOTION TO DISMISS FOR FAILURE TO COMPLY WITH DISCOVERY, AND NONCOMPLYANCE TO THE HOLE OF "FOUR (4) COURT ORDERS AS THE COMMONWEALTH DELAY(S) THIS CASE FOR WELL OVER THREE ($3\frac{1}{4}$ YEARS) AFTER THE S.J.C. HAD QUESTION'ED THE COMMONWEALTH' WHY THE DELAYS, COMMONWEALTH STATED: ("I HAVE A BIG CASE BACK UP"); THIS ACT IS CLEARLY A VIOLATION OF DEFENDANT'S RIGHTS. THE S.J.C. DENIED BAIL BECAUSE COMMONWEALTH STATED TIME FOR TRIAL.

C. Ground three: VIOLATION OF DUE PROCESS, AND EIGHTH AMENDMENT & ARTICLE XII OF THE MASSACHUSETTS DECLARATION OF RIGHTS, AND SIXTH AMENDMENT;

Supporting FACTS (state *briefly* without citing cases or law) THE DEFENDANT FILE APPEAL FOR BAIL UNDER NEW DISCOVERD EVIDENCE THAT THE COMMONWEALTH WITHHELD EVIDENCE OF A I-WITNESS TO A SHOOTING/MURDER, THIS DISCOVERY WAS NOT GIVEN TO DEFENSE COUNSEL FOR TWO (2YEARS), AND LOST OF OTHER WITNESSES IN THIS CASE. THIS NONDISCLOSED EXCULPATORY EVIDENCE CLEARED THE DEFENDANT LEON ROBINSON OF THE SHOOTING/MURDER, THE BAIL WAS DENIED AS THE COMMONWEALTH TOLD THE S.J.C. JUDGES THAT THIS CASE SET FOR TRAIL!

D. Ground four: 5TH AMENDMENT VIOLATION DO-TO PROSECUTORIAL MISCONDUCT, POLICE MISCONDUCT, UNDER THE DUE PROCESS CLAUSE, AND STATUTE;

Supporting FACTS (state *briefly* without citing cases or law) THE DEFENDANT HAVE A RIGHT TO DUE PROCESS VIOLATIONS WHEN, UPON A REQUEST FOR SPEEDY TRIAL, AND UPON A REQUEST FOR EXCULPATORY EVIDENCE, THE GOVERNMENT "CONCEALS EVIDENCE" THAT IS BOTH "FAVORABLE TO THE DEFENDANT" AND MATERIAL TO THE DEFENDANT'S GUILT OR PUNISHMENT. THE GOVERNMENT FAILURE TO BRING MATTER TO TRIAL, AND TO DISCLOSE EVIDENCE THAT IS MATERIAL TO THE ISSUE OF GUILT AND IS EXCULPATORY IN NATURE VIOLATES A DEFENDANT'S RIGHT TO DUE PROCESS...

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: THE DEFENDANT HAD REQUESTED COUNSEL MORE THEN FIVE TIMES TO PRESENT HIS APPEAL ON THESE MATTERS, AND THAY BOTH DENIED THE REQUEST, AS IT ALSO WAIVED THE RIGHT TO APPEAL. AS OF TODATE, A MATTER OF BOSTON POLICE PLAINTING BLOOD IS A ISSUE!

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ☒  No ☐  U.S. DISTRICT CIVIL COURT, LAW SUITE, ACTION NO#04CV11023 RCL AGAINST THE BOSTON POLICE OFFICERS IN BOTH MATTERS;

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing JAMES H. BUDREAU, ANDREW M. D'ANGELO, AT 20 PARK PLAZA, BOSTON, MASSACHUSETTS 02116

(b) At arraignment and plea SAME ATTORNEYS ABOVE

(6)

(c) At trial  JAMES H. BUDREAU, ESQ., AND ANDREW M. D'ANGELO, ESQ.
AWAITING TRIAL DATE, STATUS, M.G.L. c. § 52A.

(d) At sentencing  SAME/ BUDREAU, D'ANGELO
AWAITING TRIAL

(e) On appeal  NO APPEAL FILED, AWAITING TRIAL

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
Yes ☐    No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐    No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☒    No ☐    APPEALS ON ALL THE ABOVE PROCEEDING
AS OF TODATE, AWAITING FOR TRIAL DATE

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on:

**OCTOBER 5th. 2004.**
(date)

_Leon Robinson, Pro Se_
Signature of Petitioner
LEON ROBINSON, A-22594

(7)

<u>**AFFIDAVIT AND THE**
**PETITIONER'S SUPPORTING FACTS TO HIS**
**PETITION UNDER 28 USC § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PRETRIAL PERSON IN STATE CUSTODY**</u>

(1) I, Leon Robinson, the Petitioner in this matter, do depose and state that the following is accurate and true:

(2) I am being held at: Souza Baranowski Correctional Center, as a Pretrial Detainee, liew of bail, pursuant to a mittimus - to Common jail in the County of Suffolk, Criminal Docket No#SUCR2001-10384 for the alleged crime of murder, which he is presumed Innocent until proven guilty by a jury.

(3) On February 22, 2001, the Petitioner/Defendant, was denied his Due Process Rights to a Speedy Trial, as he had respectfully Objected to any further continuances and further "delays" by the Commonwealth. The Petitioner requested that District Court Judge Dismiss the charges on the grounds that the Commonwealth fail to have any evidence that the Petitioner/Defendant had anything to do with the alleged shooting, and murder.

(4) The Petitioner had obected to the dalays by the Commonwealth, and request that defense counsel file a Complaint against the A.D.A, Mark Tan Lee, for Commonwealth, for "Prosecutorial Misconduct" and "Prosecutorial Vindictiveness" ... The Petitioner stated that a Criminal prosecution which would not have been initiaed but for Vindictiveness is Constitutionally prohibited. Counsel for the Defendant/Petitioner Leon Robinson, had never compelled the A.D.A., for the Commonwealth for all Discovery, & Exculpatory evidence, in this case. The delays was not favorable to the defendant/petitioner.

It is also noted that the petitioner/defendant had respectfully requested his Counsel to file Motion(S) for his defense and never did file anything as to the "Delays" or to save the defendant's Rights on Appeal issue as he had requested him to do so.
By the A.D.A., for the Commonwealth Suppression of favorable evidence violates due process.

(5) On the 23rd. of September 2002, the defendant/petitioner, respectfully filed his MOTION FOR A SPEEDY TRIAL, as noted on the Docket as Paper No# 35. The Commonwealth has failed to bring this matter to trial by the time allowed by the Court. The Commonwealth is in violation of **Mass.R.Crim.P. 36(a)(1)(2)(B)(b)(1)(2)(c)(d)(2), and (e) of this rule,** and the Defendant's U.S. Const. Amends. 5th, 6th, V, VI, VIII, XIV; Mass. Decl. Rights, Article XII.

(6) On the 24th. of February 2003, the defendant/petitioner, filed again his Noice of OBJECTION, and respectfully requested "NO" further Contenuance in this case, this request was file with a Supporting Affidavit. See. Paper No# 65, on docket sheet.
The petitioner further states that he had requested the A.D.A, Mark Tan. Lee, for the Commonwealth to notified the court/Clerk of his Rights to a Speedy Trial, and to count the timing on months and years that with case had not been mark for trial date.

(7) On the 8th. of December 2003, the defendant/petitioner, Again, Objected to the "DELAYS" by the Commonwealth, and requested the Session Judge to not allow the Commonwealth more time to delay the matter for a trial date. Justice, Ball, of Suffolk Superior Court, "NOTED" Mr. Robinson's Objection for the record, and allowed the Commonwealth the time he requested and contenued it 12/22/03.

(8) On the 17th. of February 2004, the Defendant/Petitioner, "Again" PRO SE filed a Notice of Objection to Continuances, See. Paper No# 108, on docket sheet. This notice was also followed by a request to preserve the defendant's Rights, and his Objections to what was denied by the Court. See also Paper No# 109 on docket.

### IT WAS THE DEFENDANT/PETITIONER'S RIGHTS TO A "SPEEDY TRIAL" PURSUANT TO THE FIFTH, SIXTH AND FOURTHEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE XII OF THE MASSACHUSETTS DECLARATION OF RIGHTS.

(9) The Commonwealth has fail under the State, and Federal, Speedy Trial Act, to bring the defendant/PETITIONER to trial as by the time allow'ed by the Court. There were Four (4) Court Orders that was made, and the Commonwealth did not produce as order.

(10) On the 24th. of October 2002, the Suffolk DA's Office produced "Turret Tapes" in the instant case after Judge McEvoy ordered their production. Defendant/Petitioner had previously requested these turret tapes and the government agreed to produce them by **September 24, 2001.**

(11) The turret tape revealed **NEW** information previously not disclosed to the fefense. **Specifically,** it revealed that another Witness existed who witnessed the shooting. This witness gave a a Full Description which did not match Mr. Robinson's appearance or the descriptions given by other eye witnesses. This **new** witness stated that the shooter was **15 to 17** years old and was wearing a blue jacket and a hat. This witness has since been interviewed and has ruled Mr. Robinson out as the shooter.

(12) The Suffolk Superior Court held a hearing on whether sanctions should issue as a result of the **Late** desclosures of the turret tape. This Court held that the DA's Office did not have a **Legitimate** reason for the late production, but declined to issue sanctions at that time. **Instead,** The Suffolk Superior Court Judge, issue a ruling which required the DA's Office to produce additional discovery related to the late disclosure of the turret tape. The judge also filed Motion that the DA's Office **withheld Exulpatory Evidence for over Two (2) Years.** See Motion(s) and Order relative to Discovery on docket by Four Judges...

### PURSUANT TO STANDING ORDER 4-81. PENDING CRIMINAL CASES SUBJECT TO DISMISSAL PURSUANT TO THE PROVISIONS OF MASS.R.CRIM.P.36    ("AMENDED")

The Petitioner further state that the Prosecuting jurisdiction's failure to bring Pretrial Detainee to trial within 180 days after he had requested for a Speedy Trial under Interstate Agreement on Detainers Act, and Federal, and State Law Act required dismissal of indictment/all charges. The Sixth Amendment has been made applicable to States though Fourteenth Amendment, and the Commonwealth had clearly Violated the Constitutional Rights of the Petitioner Mr. Leon Robinson, and respectfully moves this Honorable Court to allow his Petition and order a hearing on these issues of delays by the Commonwealth, and to Dismiss the indictments in this instant case.

(4)

The Defendant/Petitioner's State Rights, and Federal Rights had been violated by the Commonwealth, and by the delay of trial, the petitioner will not receive a fair trial. This is the petitioners claim for his release as it is already noted that the Commonwealth is in violation on Brady v. Maryland, and U.S. Const. Amends. 4th, 5th, 6th, 8th, and 14th Mass. Declar. Right, Article XII.

**Wherefore,** Petitioner moves this Court to grant his Petition and to Dismiss the Indictments against him, or allow a hearing on these matters for the foregoing reasons.

Signed under pain and penalties of perjury,

Respectfully Submitted,
BY THE DEFENDANT/PETITIONER,

*/s/ Leon Robinson*
LEON ROBINSON, A-22594, PRO SE
SOUZA BARANOWSKI CORRECTIONAL CT.
P.O. BOX 8000
SHIRLY, MASSACHUSETTS 01464

I, Leon Robinson, hereby certify that on this __14th__, day of October 2004, have served a true copy of this Petition, and attach Affidavit/w/Statments of Facts by first class prepaid postege to U.S. District Court Office of the Clerk, John J. Moaklry Courthouse 1 Courthouse Way. Massachusetts 02210, and to the Massachusetts District Attorney's Office.

*/s/ Leon Robinson*
LEON ROBINSON, PETITIONER, A-22594

LR:w
CC: Mass, District Attorney, Office
Defense Attorney, James H. Budreau, Esq.
**File**

(5)

(3)

AFFIDAVIT OF LEON ROBINSON

I, Leon Robinson, do depose and state that the following is accurate and true:

A. I am the defendant in this matter, and i am being held at Old Colony Correctional Center as a pretrial detainee, liew of bail, pursuant to a mittimus - to Common Jail in the County of Suffolk, Criminal Docket No# SUCR2001-10384 for the alleged crime of murder, which he is presumed Innocent until proven guilty by a jury.

B. On the 23, of September 2002, the defendant respectfully filed a Motion for a Speedy Trial, as noted as Paper No# 35 on docket, as of todate, the Commonwealth has faild to bring this matter to trial by the time that the Court allowed. See. Violations of Mass.R.Crim.P. 36 of this rule.

C. On the 24th. of February 2003, the defendant Leon Robinson, filed his Notice of Objection, and respectfully requested "NO" further contenuance in this case, with supporting affidavit, See. Paper No# 65 on docket. The defendant also requested the ADA, to notified the Court of his Rights to a Speedy Trial, to no avail.

D. On the 8th. of December 2003, the defendant again Objected to the "delays" by the Commonwealth, and requested the Session Judge to not to allow the commonwealth more time to delay the matters at hand. Justice, Ball, noted Mr. Robinson's objection, and allowed the commonwealth the time, and contenued the matter 12/22/03.

E. On the 17th. of February 2004, the defendant "AGAIN" file his Notice of Objection to Continuances, Paper 108 on docket. This notice was also followed by a request to Preserve the defendant's Rights, and his Objections to what was denied by the court. See. Paper No# 109 on docket.

F. On the 5th. of April 2004, the defendant filed notice to the court, Objection to DNA Swabbing done on March 26, 2004. At the request of the ADA, Mark Tan Lee, the matter was contenued to April 29, 2004. As of todate, the Commonwealth has delyed this matter, and is in Violation of Mass.R.Crim.P. See. Due Process Clause. Rule 36, a right to a speedy trial.

Signed under pains and penalties of perjury,

LEON ROBINSON / A-22594

DATE: OCTOBER 2004