UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEON ROBINSON, )<br>  Petitioner, )<br> )<br>v. )<br> )<br>COMMONWEALTH OF MASSACHUSETTS, )<br>  Respondent. )<br> ) | Civil Action No. 04-12410-DPW |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS HABEAS CORPUS PETITION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Commonwealth of Massachusetts, here, the respondent, respectfully submits this memorandum of law in support of its motion to dismiss the pretrial petition for writ of habeas corpus filed by the petitioner, Leon Robinson. As grounds, the Commonwealth states the petitioner has failed to state a claim upon which relief may be granted.[1]

In this pretrial habeas corpus petition, the petitioner raises four claims: two of them allege a violation of his right to a speedy trial; one alleges that his bail is excessive; and one alleges the Commonwealth failed to disclose exculpatory evidence, even though the petitioner acknowledges he received the information in October, 2002. The petition should be dismissed for several reasons. First, none of the claims raised is exhausted. 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 520 (1982). Second, as the state docket sheets reveal, the petitioner is currently scheduled to be tried in the jury session of the Suffolk Superior Court beginning on May 16, 2005. *See* Docket Sheet for *Commonwealth v. Leon Robinson*, Suffolk Superior Court No. 2001

---

[1] In the event that this Court declines to dismiss the petition on the grounds set forth in this memorandum, the respondent reserves the right, and requests the opportunity, to address the merits of the claim in this petition.

CR 10384, attached as the Supplemental Appendix ("S.A."). Since the remedy for a pretrial allegation of a speedy trial violation is an immediate trial, *see Braden v. 30th Judicial District Court of Kentucky*, 410 U.S. 484, 489-490 (1973), there is no basis to afford the defendant relief on these claims. In addition, the claim is unexhausted because the petitioner did not exercise his right to seek review before the full bench of the Supreme Judicial Court of the Commonwealth ("SJC").

Finally, the claim that the Commonwealth has withheld exculpatory evidence is belied by the petitioner himself, who indicates that he received the information in October, 2002. Since none of the petitioner's grounds states a cognizable pretrial habeas corpus claim, the petition must be dismissed.

## BACKGROUND

On April 30, 2001, a Suffolk County grand jury returned an indictment charging the petitioner with one count of first-degree murder (Mass. G.L. c. 265, § 1), and one count of unlawful possession of a firearm (Mass. G.L. c. 269, § 10(a)) (No. 2001 CR 10384). [S.A. 16]. The defendant retained private counsel, and pled not guilty to both offenses at his arraignment on May 3, 2001. [S.A. 5]. That same day, the petitioner was ordered held without bail. [S.A. 5].

Since the petitioner's arraignment, he has been represented by at least four attorneys and filed a blizzard of motions,[2] many of which were *pro se* despite his being simultaneously represented by counsel. Included in this blizzard are approximately eleven motions for funds for investigations, each of which was allowed.

On June 25, 2002, the trial court denied the petitioner's oral motion for a reduction of

---

[2] For example, on November 15, 2002, alone, the defendant filed approximately one dozen motions. In total, there are 433 docket entries in his state criminal proceeding. [S.A. 5].

bail. [S.A. 7]. Six months later, the petitioner unsuccessfully appealed the denial of this motion to the Supreme Judicial Court for Suffolk County (Single Justice) (No. SJ-2002-0571). [S.A. 17-18]. He did not, however, appeal the denial of that petition to the full bench of the Supreme Judicial Court.

Although the petitioner filed a *pro se* motion for a speedy trial on September 23, 2002, less than a month later, he filed an additional motion for funds, and an interlocutory appeal to the Single Justice regarding the Superior Court's denial of one of his motions to dismiss. [S.A. 8].

In February, 2004, the petitioner, filed *pro se* motions objecting to further continuances. [S.A. 13]. Notwithstanding this apparent desire to assert his speedy trial rights, the petitioner filed an additional motion for funds and a *pro se* motion for DNA discovery in June, 2004, and September, 2004, respectively. [S.A. 15]. Currently, the petitioner's criminal trial is scheduled for May 16, 2004. [S.A. 5].

**ARGUMENT**

THE PETITION MUST BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

"The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" *In Re Justices of the Superior Court*, 218 F.3d 11, 16 (1st Cir. 2000) (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971)). As a result, before petitioning for federal habeas relief, a petitioner must exhaust his available remedies by giving the State's highest state court an opportunity to correct any federal constitutional claim. *Baldwin v. Reese*, 541 U.S. ___, 124 S. Ct. 1347, 1349 (2004) (internal quotations omitted); *Adelson v. Dipaolo*, 131 F.3d 259, 261 (1st Cir. 1997). In addition, "[w]ith the notable exceptions of cases involving double jeopardy and certain speedy trial claims, federal habeas relief, as a general rule,

is not available to defendants seeking pretrial review of constitutional challenges to state criminal proceedings." *In re Justices of the Superior Court*, 218 F.3d at 19.

In this case, the petitioner seeks pretrial habeas corpus relief. While his speedy trial claims are, theoretically, appropriate for review, they are unexhausted, as are his claims relating to excessive bail and the Commonwealth's purported failure to disclose exculpatory evidence. Further, the petitioner's lack of discovery claim is not properly before the Court because this claim is not cognizable in the pretrial context.

    A.    <u>This Court Should Dismiss the Petitioner's Speedy Trial Claims Because They are Not Exhausted and Because The Petitioner's Trial Date Has Been Set By the State Court</u>.

The petitioner's first two grounds for relief are essentially the same; that the Massachusetts courts denied him due process of law by denying his motion to dismiss on speedy trial grounds.[3] *See* Pet. ¶¶ 12(a)-(b). It is true that federal habeas corpus review may be invoked to raise a speedy trial claim. *Braden*, 410 U.S. at 488-489; *In Re Justices of the Superior Court*, 218 F.3d at 19. Nevertheless, two reasons mandate dismissal of this claim.

To begin with, the petitioner's claim is plainly unexhausted. After the trial court waived Rule 36[4] on March 20, 2002, the petitioner did not seek review in the Commonwealth's appellate

---

[3] Although the petitioner focuses upon Mass. R. Crim. P. 36 in support of his claim, this citation supports only a state law claim. Federal habeas relief is available only upon a showing that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Nevertheless, because the petitioner also has a Sixth Amendment right to a speedy trial, the respondent analyzes his claim in this context.

[4] Mass. R. Crim. P. 36 governs the administration of criminal cases in the Commonwealth's courts. The rule requires criminal defendants to be tried within twelve months after the return day in the court in which the case is awaiting trial, Mass. R. Crim. P. 36(b)(1)(C). Despite this general principal, the rule allows for numerous exceptions. *See* Mass. R. Crim. P. 36(b)(2)(A)-(H). As with the Sixth Amendment to the Federal Constitution, art. 11 of the Massachusetts Declaration Rights provides defendants with a right to a speedy trial. Analysis under the two Constitutions involves employment of the same balancing test. *See Barker v.*

courts. *See* Mass. G.L. c. 211, § 3 (granting the Supreme Judicial Court general superintendence power over the lower courts). Indeed, he waited until September 23, 2002, to move for a speedy trial. [S.A. DS]. The Court declined to act upon this motion, which is the functional equivalent of a denial. *See Reddick v. Commonwealth*, 439 Mass. 1001, 1001, 785 N.E.2d 676, 677 (2003). The petitioner has not sought appellate review of this denial either.[5] Since the claim is unexhausted, the petition must be dismissed. *Rose*, 455 U.S. at 510.

In addition, the relief afforded for a speedy trial violation is an immediate trial, and not dismissal of the charges, as the petitioner claims. *Compare Braden*, 410 U.S. at 491; *In Re Justices of the Superior Court*, 218 F.3d at 18 n.5. In this case, the petitioner's trial is scheduled for May 16, 2005, and he does not appear to have requested an earlier trial date. Consequently, no speedy trial action lies here, and the Court should dismiss the claim.

    B.    <u>The Petitioner's Claim Regarding Excessive Bail Must Be Dismissed Because It Is Unexhausted</u>.

This Court must also dismiss the petitioner's third ground for relief regarding his allegation that his bail is excessive because it is unexhausted. On June 25, 2002, the Superior Court (Walker, J.) denied the petitioner's oral motion for a reduction of bail. [S.A. 7]. Six months later, he petitioned the Single Justice for review pursuant to Mass. G.L. c. 211, § 3. [S.A. 17]. That Court denied the petition on January 29, 2003. [S.A. 18]. The petitioner never sought review in the SJC.

Because the petitioner is charged with first-degree murder, the Commonwealth's bail

---

*Wingo*, 407 U.S. 514, 530 (1972); *Commonwealth v. Edgerly*, 390 Mass. 103, 104, 453 N.E.2d 1211, 1212 (1983).

   [5] The petitioner's failure to seek appellate review of the denial of these motions stands in stark contrast to the half-dozen other claims that the defendant has pressed in the appellate courts.

reform act, *see* Mass. G.L. c. 276, § 58, does not apply. *Magraw v. Commonwealth*, 429 Mass. 1004, 1004, 708 N.E.2d 90, 90 (1999). "'Since the statute does not apply, the question of bail for a person charged with murder in the first degree is a matter of discretion.'" *Id.* (quoting *Abrams v. Commonwealth*, 391 Mass. 1019, 464 N.E.2d 72 (1984)). This exercise of discretion by the trial judge is subject to review by the Single Justice for review. *Id.* This decision, in turn, is reviewable by the full bench of the SJC. *Id.* Since the full bench of the SJC has jurisdiction to review the single justice's denial of relief, and because the petitioner has never sought review in that Court, his excessive-bail claim is unexhausted and must be dismissed. *See Rose*, 455 U.S. at 520.

> C. <u>The Petitioner's Claim That The Commonwealth Withheld Exculpatory Evidence is Belied By His Statement That He Received The Information From the Commonwealth In October, 2002, and, In Any Event, Is Not Subject To Pretrial Habeas Review</u>.

The petitioner's final claim for relief centers on his theory that the Commonwealth has withheld exculpatory evidence. *See* Pet. ¶ 12(d). Were this the case, it would certainly give rise to a colorable claim for habeas corpus relief -- post-trial. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (suppression by the prosecution of requested material evidence that is favorable to the accused is a denial of due process). The crux of the petitioner's claim appears to be that the Commonwealth failed to disclose "Turret Tapes,"[6] which revealed the identity of a new witness, until October 24, 2002. *See* Pet. Memo p. 3. Assuming the accuracy of this information, the Commonwealth disclosed this information well in advance of the petitioner's trial, which is now scheduled for May, 2005. Under any set of circumstances, it is impossible for the Commonwealth to suppress evidence about which the petitioner is aware. Because this claim is a

---

[6] A "Turret tape" is a recording made by a police office when an officer is dispatched. *See Commonwealth v. Rogers*, 38 Mass. App. Ct. 395, 399 n.7, 647 N.E.2d 1228 (1995).

factual impossibility and, in any event, is not ripe for review, it must be dismissed.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the petition for a writ of habeas corpus.

Respectfully submitted,

THOMAS F. RILEY
Attorney General


/s/ Daniel I. Smulow
Daniel I. Smulow, BBO No. 641668
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2949

Dated: December 24, 2004

## Certificate of Service

I, Daniel I. Smulow, hereby certify that on December 24, 2004, I served a true copy of this document by first class mail to: Leon Robinson, Souza Baranowski Correctional Center, P.O. Box 8000, Shirley, MA 01464.

/s/ Daniel I. Smulow

## Notice of Filing with Clerk's Office

Notice is hereby given that the Respondents' Supplemental Answer has been manually filed with the Court and is available in paper form only.

/s/ Daniel I. Smulow

Dated: December 24, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEON ROBINSON,<br>    Petitioner,<br><br>v.<br><br>COMMONWEALTH OF MASSACHUSETTS,<br>    Respondent. | )<br>)<br>)   **Civil Action No. 04-12410-DPW**<br>)<br>)<br>)<br>)<br>) |

## SUPPLEMENTAL APPENDIX TO
## MOTION TO DISMISS HABEAS CORPUS PETITION

The Respondent submits the following as its Supplemental Appendix to its Motion To Dismiss Habeas Corpus Petition:

1. Docket Sheets, *Commonwealth v. Leon Robinson*, Suffolk Superior Court No. SUCR 2001-10384; and

2. Docket Sheets, *Commonwealth v. Leon Robinson*, Supreme Judicial Court for Suffolk County No. SJ-2002-0571.

                                                    Respectfully submitted,

                                                   THOMAS F. REILLY
                                                   ATTORNEY GENERAL

                                                   /s/ Daniel I. Smulow
                                                   Daniel I. Smulow, BBO 641668
                                                   Assistant Attorney General
                                                   Criminal Bureau
                                                   One Ashburton Place
                                                   Boston, Massachusetts 02108
                                                   (617) 727-2200 ext. 2949

Dated: December 24, 2004

## Certificate of Service

I, Daniel I. Smulow, hereby certify that on December 24, 2004, I served a true copy of

this document by first class mail to: Leon Robinson, Souza Baranowski Correctional Center, P.O. Box 8000, Shirley, MA 01464.

/s/ Daniel I. Smulow